IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTEZ RASHAD WOMACK          :

    v.                          :   Civil Action No. DKC 17-3634

CARRIE M. WARD, et al.       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to dismiss Plaintiff's amended complaint filed by Defendants Carrie Ward, BWW Law Group, LLC ("BWW Law Group"), and Freedom Mortgage Corporation ("Freedom Mortgage"). (ECF No. 21). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I. Background**

    **A. Factual Background**

The following facts are either alleged in the amended complaint or taken from matters of public record of which the court may take judicial notice.[1] In 2011, Plaintiff purchased

---

[1] In reviewing a motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Here, Plaintiff does not attach to the complaint documents related to the underlying foreclosure action. However, in their motion to dismiss Plaintiff's initial complaint, Defendants attached relevant

the property located at 5055 Ottawa Park Place, Waldorf, MD 20602 (the "Property"). To finance the purchase of the Property, Plaintiff obtained a loan from Amerigroup Mortgage Corporation, evidenced by a promissory note (the "Note") and secured by a deed of trust (the "Deed of Trust"). (ECF No. 10-2, at 4, 19). After Plaintiff defaulted, Defendant Freedom Mortgage, as authorized agent of the holder of the Note secured by the Deed of Trust, initiated foreclosure proceedings on the Property. Defendant Freedom Mortgage appointed Defendant Ward and additional individuals as substitute trustees under the Deed of Trust. (*Id.* at 35). The foreclosure action was docketed in the Circuit Court for Charles County, Maryland, on December 5, 2016. (*Id.*). Attached to the order to docket foreclosure action is a signed affidavit by Defendant Freedom Mortgage, dated September 28, 2016, which states that "Government National Mortgage Association is the owner of the Note and that Freedom Mortgage Corporation is servicer for said owner."[2] (*Id.* at 30).

---

documentation related to the purchase and foreclosure of Plaintiff's home. Defendants cite to these records in their pending motion to dismiss and Plaintiff does not dispute them. Thus, the records may be considered without converting the motion into one for summary judgment. *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004); *Greens v. Wells Fargo Bank, N.A.*, 927 F.Supp.2d 244, 246 n.2 (D.Md. 2013) ("A federal district court may take judicial notice of documents from state court proceedings and other matters of public record.").

[2] Plaintiff alleges that on or around August 11, 2017, a document was filed in the circuit court, stating that Ginnie Mae

Plaintiff alleges that there was never a document filed by Ginnie Mae stating that Defendant Freedom Mortgage had rights to the Note with respect to the Property being sold. (ECF No. 19, at 4). Plaintiff further alleges that "the defendant never . . . notified [him] that Ginnie Mae was the owner of the note[.]"[3] (*Id.*). In August 2017, the Property was sold at a foreclosure sale. (ECF No. 10-3, at 10). The circuit court ratified the sale on October 10, 2017. (*Id.* at 11).

B. **Procedural Background**

On July 27, 2017, Plaintiff commenced this action against Defendants Carrie Ward, BWW Law Group, and Freedom Mortgage in the Circuit Court for Charles County. (ECF No. 2). On December 7, 2017, Defendants removed this action from the Circuit Court for Charles County based upon federal question jurisdiction. (ECF No. 1). After Defendants filed a motion to dismiss (ECF No. 10), on February 5, 2018, Plaintiff filed an amended complaint which sets forth five causes of action: breach of contract (Count 1), fraud (Count 2), fraudulent misrepresentation (Count 3), intentional infliction of emotional distress ("IIED") (Count 4), and a violation of the Fair Debt

---

was the holder of the Note. (ECF No. 19, at 4). It is unclear if Plaintiff is referring to the affidavit dated September 28, 2016. Plaintiff cites to "Exhibit A"; however, Exhibit A is not attached to his amended complaint.

[3] It is unclear which defendant Plaintiff is referring to.

Collection Practices Act (the "FDCPA") (Count 5). (ECF No. 19). On February 16, Defendants filed a motion to dismiss Plaintiff's amended complaint. (ECF No. 21). Plaintiff responded (ECF No. 24), and Defendants replied (ECF No. 25).

**II. Standards of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Ultimately, a complaint must "'permit[ ] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

*Pro se* pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901

F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**III. Analysis**

    **A.  *Res Judicata***

Defendants first argue that *res judicata* bars Plaintiff's complaint because it attacks the foreclosure action initiated in the Circuit Court for Charles County which resulted in a final judgment on the merits – the ratification of the foreclosure sale.[4] (ECF No. 21-1, at 5). "Under Maryland Law, the requirements of *res judicata* or claim preclusion are: 1) that the parties in the present litigation are the same or in privity with the parties to the earlier dispute; 2) that the claim presented in the current action is identical to the one determined in the prior adjudication; and 3) that there was a final judgment on the merits."[5] *Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 361 Md. 371, 392 (2000).

---

[4] The effect of a final ratification of sale is *res judicata* as to the validity of the foreclosure sale, except in the case of extrinsic fraud or illegality. *Jones v. Rosenberg*, 178 Md.App. 54, 72 (2008).

[5] The court must give a state-court judgment the same preclusive effect it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

6

**1. Parties are the Same or in Privity**

The parties in the present action are the same or in privity with the parties to the prior suit – the foreclosure action initiated in the Circuit Court for Charles County. Privity involves a person so identified in interest with another that the person represents the same legal right. *Bank of New York Mellon v. Georg*, 456 Md. 616, 659 (2017). The parties to the foreclosure action were the Plaintiff, Defendant Ward, as substitute trustee, and additional substitute trustees. In this action, the additional parties named - Defendants BWW Law Group and Freedom Mortgage – are in privity with the substitute trustees. The substitute trustees are attorneys of the law firm BWW Law Group, (*see* ECF No. 10-2, at 2), and Defendant Freedom Mortgage, as servicer of the Note, appointed the substitute trustees to initiate the foreclosure action (*Id.* at 35). Additionally, the Defendants all share a mutual interest with respect to the validity of the foreclosure judgment. *See Jones v. HSBC Bank USA, N.A.*, RWT-09-2904, 2011 WL 382371, at *5 (D.Md. Feb. 3, 2011) (finding that the defendants in the subsequent action were in privity with the substitute trustee in the foreclosure action because the plaintiff's claims in the subsequent action were premised on the plaintiff's claim that the foreclosure judgment was invalid and the defendants' shared a mutuality of interest with respect to the validity of the

foreclosure judgment). Therefore, the first requirement of *res judicata* is met.

## 2. Identical Claims

Second, Plaintiff's claims could have been brought in the prior action. In deciding whether claims are identical under the second element, Maryland courts employ the "transaction test." *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F.Supp.2d 566, 571 (D.Md. 2000). Under the transaction test, claims are identical "when they arise out of the same transaction or series of transactions." *Id.* *Res judicata* bars not only matters decided in the original action but also all matters that could have been brought in the original action. *Colandrea*, 361 Md. at 392.

In Counts 1 through 5 Plaintiff alleges that Defendant Freedom Mortgage had no right to foreclose on the Property because they were not the actual owner and holder of the Note secured by the Deed of Trust. The foreclosure action and present case relate to the same transaction – the Note secured by the Deed of Trust on the Property and the foreclosure action that resulted when Plaintiff defaulted. Further, Plaintiff's claims that Defendant Freedom Mortgage never owned the Note and had no right to foreclose on the Property could have been raised and determined in the foreclosure proceeding. *See HSBC Bank USA*, 2011 WL 382371, at *5 (the plaintiff's claim that the

foreclosure was improper because the defendants submitted false and insufficient affidavits in connection therewith, is a claim that clearly could have been raised in the foreclosure proceeding); *Capel v. Countrywide Home Loans, Inc.*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *4 (D.Md. Feb. 3, 2010) (the plaintiff's claims of alleged defects in contract formation and that the defendants had no right to foreclosure are transactionally related and could have been raised in the foreclosure action). Plaintiff could have filed a motion to dismiss or enjoin the foreclosure sale pursuant to Md. Rule 14-211, which provides:

> After the hearing on the merits, if the court finds that the moving party has established that the lien or the lien instrument is invalid or that the plaintiff has no right to foreclose in the pending action, it shall grant the motion and, unless it finds good cause to the contrary, dismiss the foreclosure action. If the court finds otherwise, it shall deny the motion.

Md.Code.Ann. 14-211(e). At a hearing on the substitute trustees' motion to strike dismissal and reopen the foreclosure action, held on May 11, 2017, Plaintiff challenged the motion on the grounds that he has exclusive equity rights over the Property and thus no mortgage obligation to pay.[6] (ECF No. 21-3,

---

[6] The substitute trustees were instructed by Defendant Freedom Mortgage to dismiss the foreclosure action when Defendant Freedom Mortgage received what appeared to be a

9

at 4). In response, the substitute trustees' attorney pointed out that "[Plaintiff] will have an opportunity[,] if he chooses to do so[,] to challenge the foreclosure presale under Rule 14-211." (*Id.* at 5). At the conclusion of the hearing, the court granted the motion to reopen the foreclosure case. Plaintiff never filed a Rule 14-211 motion. Plaintiff's claims challenging Defendant Freedom Mortgage's right to foreclose on the Property could have been raised in the original action, and the second *res judicata* requirement is met.

### 3. Final Judgment on the Merits

Lastly, there was a final judgment on the merits when the circuit court ratified the foreclosure sale on October 10, 2017. (ECF No. 10-3, at 10).[7] "The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale." *McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D.Md. Aug. 20, 2013) (citing *Capel*, 2010 WL 457534, at *4 ("When a state court finalizes a foreclosure after the 'plaintiff was given an opportunity to raise all

---

reinstatement check from Plaintiff. However, the check was invalid and the loan was not reinstated. The substitute trustees moved to reopen the foreclosure action. (ECF No. 21-3, at 2).

[7] Although final judgment was rendered in the foreclosure action after Plaintiff filed this action on July 27, 2017, "the first judgment in time establishes preclusion in any other action, no matter which action was filed first." 18 Charles Alan Wright et al., *Federal Practice & Procedure* § 4404 (3d ed. 2018).

10

objections to the foreclosure sale of [a] property,' that adjudication is a final judgment on the merits.") (quoting *Anyanwutaku*, 85 F.Supp.2d at 572)). The effect of a final ratification of sale is *res judicata* as to the validity of the foreclosure sale, except in the case of extrinsic fraud or illegality. *Jones v. Rosenberg*, 178 Md.App. 54, 72 (2008). A final judgment will not be vacated even though obtained by the use of forged documents, perjured testimony, or any other frauds which are *intrinsic* to the case at hand when the parties had the opportunity to present the matter to the court for investigation and determination. *Id.* The state's public policy favoring the finality of judgments can be outweighed only by a showing that the jurisdiction of the court has been imposed upon by *extrinsic* fraud that prevented a fair submission of the controversy to the court. *Id.* Plaintiff was aware of his opportunity to prevent the foreclosure sale by filing a Rule 14-211 motion challenging the right of Defendant Freedom Mortgage to foreclose on the Property (*see* ECF No. 21-3, at 4), yet Plaintiff failed to do so. No exceptions to the foreclosure sale were filed by Plaintiff and the circuit court, satisfied that the sale was fairly and properly made, ratified the foreclosure sale on October 10, 2017. *See* Md.Code.Ann. 14-305(e). Plaintiff's allegations that Defendants filed fraudulent foreclosure documents with the court do not arise to *extrinsic* fraud. The

ratification of the foreclosure sale resulted in a final judgment and the effect is *res judicata*. *Res judicata* prevents the court from re-adjudicating issues which could have been decided by the Circuit Court for Charles County, and Defendant's motion to dismiss will be granted.

**B. Pleading Deficiencies**

Even if *res judicata* did not preclude Plaintiff's claims, his amended complaint would still be dismissed because he fails to plead facts showing that he is entitled to relief.

**1. Breach of Contract Claim**

"It is well-established in Maryland that a complaint alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655 (2010) (emphasis in original) (quoting *Cont'l Masonry Co. v. Verdel Constr. Co.*, 279 Md. 476, 480 (1977)).

In Count 1, Plaintiff alleges that a valid and enforceable contract exists between him and Defendant Freedom Mortgage "in which Freedom Mortgage Corporation enforced the mortgage agreement to foreclose on the plaintiff's property to take his home." (ECF No. 19, at 4). Plaintiff states that he "performed in the contract under the impression that Freedom Mortgage

Corporation was the only holder of the note and mortgage via the mortgage contract terms[,]" however, the actual owner and holder of the Note was Ginnie Mae (*Id.* at 4-5). It appears that Plaintiff alleges that he entered into a mortgage agreement with Defendant Freedom Mortgage and that the mortgage agreement was only to be enforced by Defendant Freedom Mortgage. However, Plaintiff provides no additional facts about this contract and fails to allege with *certainty and definiteness* facts showing a contractual obligation owed by Defendant Freedom Mortgage to Plaintiff. Therefore, Plaintiff fails to state a claim for breach of contract.

    **C.    Fraud Claims**

In Counts 2 and 3 of Plaintiff's amended complaint he brings claims of fraud and fraudulent misrepresentation. The allegations in Count 3 are a replica of the allegations in Count 2. Fraudulent misrepresentation is simply a means of committing fraud, *see Sass v. Andrew*, 152 Md.App. 406, 432 (2003), and Counts 2 and 3 can be considered together as one count of fraud. To make out a claim of fraud, a plaintiff must show (1) that the defendant made a false representation to the plaintiff; (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth; (3) that the misrepresentation was made for the purpose of defrauding the plaintiff; (4) that the plaintiff relied on

13

the misrepresentation and had the right to rely on it; and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation. *Id.* at 429. Pursuant to Fed.R.Civ.P. 9(b), the circumstances constituting fraud must be pled with particularity.[8]

Plaintiff alleges that on August 11, 2017, Defendant Freedom Mortgage knowingly and intentionally committed fraud at the Circuit Court for Charles County by filing a document in the foreclosure action stating that they were the actual holders of the Note when those statements "were false." (ECF No. 19, at 6-10). Plaintiff further alleges that Defendant Freedom Mortgage's representation was false because Defendant Freedom Mortgage "stated via the state court documents that Ginnie Mae was the owner and holder of the note and not [Defendant] Freedom Mortgage[.]" (*Id.* at 6). The document Plaintiff refers to was attached to the order to docket the foreclosure action filed in state court on December 5, 2016. (*See* ECF No. 10-2, at 1, 30). Plaintiff alleges that he relied on Defendant Freedom Mortgage's documentation stating that it was the holder of the Note. (ECF No. 19, at 7, 9). However, his allegations are contradictory and do not support that he relied on Defendant Freedom Mortgage's "misrepresentation" as to ownership of the Note. The

---

[8] The Federal Rules of Civil Procedure apply to a civil action after it is removed from a state court. Fed.R.Civ.P. 81(c)(1).

14

state court document filed on December 5, 2016, states that Ginnie Mae is the owner of the Note and that Defendant Freedom Mortgage is the loan servicer for Ginnie Mae. (ECF No. 10-2, at 30). Therefore, Plaintiff could not rely on a document filed on August 11, 2017 by Defendant Freedom Mortgage stating that it was the owner of the Note. Additionally, there is no record of a document filed in the foreclosure action on August 11, 2017. (ECF No. 10-3, at 10). The court cannot ignore Plaintiff's clear failure to allege facts to support his claims of fraud, and thus Counts 2 and 3 would be dismissed.

    **D.    IIED Claim**

In Count 4, Plaintiff brings an IIED claim against an unspecified defendant. To bring an IIED claim successfully, a plaintiff must allege facts showing that (1) the conduct in question was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there was a causal connection between the conduct and the emotional distress; and (4) the emotional distress was severe. *Arbabi v. Fred Meyers, Inc.*, 205 F.Supp.2d 462, 465-66 (D.Md. 2002) (citation omitted). "In Maryland, 'the tort of [IIED] is rarely viable.'" *Estate of Ellen Alcalde v. Deaton Specialty Hosp. Home, Inc.*, 133 F.Supp.2d 702, 712 (D.Md. 2001) (quoting *Farasat v. Paulikas*, 32 F.Supp.2d 244, 247 (D.Md. 1997)). Each element must be pled with specificity and "[i]t is not enough for a plaintiff merely

15

to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist." *Id.* "A complaint that fails to allege sufficient facts in support of each element must be dismissed." *Id.*

Defendants argue that "Plaintiff offers no supporting factual allegations to show how he has been emotionally distressed, or how any of the Defendants intentionally and knowingly made any misrepresentations." (ECF No. 21-1, at 12). Not only is it unclear which defendant this claim is against because Plaintiff only refers to "the defendant" throughout this claim, but Plaintiff fails to allege sufficient facts to support his claim. Plaintiff alleges that due to the unspecified defendant's conduct he suffered "permanent stress disorders," "severe stress health problems," "severe and irreparable emotional damages mentally and financially," "extreme stress and anxiety," and occasional panic attacks. (ECF No. 19, at 11). Plaintiff does not allege any additional facts to explain the extent of this distress that, if true, would suffice to demonstrate that the emotional distress was severe. *Cf. Brengle v. Greenbelt Homes, Inc.*, 804 F.Supp.2d 447, 456 (D.Md. 2011) (finding that the plaintiff sufficiently alleged extreme emotional distress where "[i]n addition to alleging that she experienced 'severe anxiety,' 'isolation,' 'extreme sadness,' and 'devastation,'" the plaintiff alleged that the distress was

debilitating and prevented her from attending to basic requirements of life such as having a permanent home and eating and sleeping regularly and interacting with others). Plaintiff does not allege sufficiently severe emotional distress and his claim for IIED fails.

    **E.   FDCPA Claim**

In Count 5, Plaintiff again brings a claim against an unspecified defendant, but this time for a violation of the FDCPA, 15 U.S.C. § 1692, *et seq.* To make a successful claim under the FDCPA, a plaintiff must show that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Stewart v. Bierman*, 859 F.Supp.2d 754, 759 (D.Md. 2012). Defendants argue that Plaintiff fails to show that Defendants are debt collectors for purposes of the FDCPA and fails to show that Defendants engaged in an act prohibited by the FDCPA. (ECF No. 21-1, at 14). Plaintiff merely concludes that the unspecified defendant acted as a debt collector, proceeded to collect a debt that Plaintiff did not owe on a note that the defendant did not own, and that such conduct violated an unspecified section of the FDCPA. (ECF No. 19, at 11-12). Plaintiff's conclusory allegations do not

satisfy the pleading standard of Rule 8(a) and his FDCPA claim fails.

**IV.  Dismissal with Prejudice**

Although Plaintiff has not requested leave to amend, Defendants request that should their motion to dismiss be granted, leave to amend should be denied.  (ECF No. 21-1, at 14-15).  Fed.R.Civ.P. 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court.  *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).  "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'"  *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D.Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Plaintiff has already once filed an amended complaint in response to Defendants' motion to dismiss his initial complaint, and Plaintiff failed to correct the deficiencies in his amended complaint.  It appears that an additional amendment would not be fruitful and, moreover, would be barred by *res judicata*.  Therefore, any amendment would be futile and Plaintiff's amended complaint will be dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Carrie Ward, BWW Law Group, and Freedom Mortgage will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
